# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                  Plaintiff,

        v.

Monica Renee Svobodny,

                  Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 24-19 ADM
Civil No. 25-878 ADM

---

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Monica Renee Svobodny, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Monica Renee Svobodny's ("Svobodny") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 36].[1]  For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

### A.  Svobodny Pleads Guilty to Wire Fraud

On April 10, 2024, Svobodny entered a plea of guilty to a one-count Information [Docket No. 1] charging her with wire fraud in violation of 18 U.S.C. § 1343.  See Min. Entry [Docket No. 7]; Plea Agreement [Docket No. 9, Attach. 1].  In the Plea Agreement, Svobodny agreed that from May 2016 to November 2023, she knowingly and willfully embezzled approximately $1,137,404 from her employer and used the money for her own personal benefit.  Plea

---

[1] All citations are to the criminal case docket.

Agreement ¶ 2. Svobodny also agreed that the following Sentencing Guidelines calculations applied to her offense: a base offense level of 7; a 14-level enhancement because the loss amount of her fraud scheme was between $550,000 and $1.5 million; a 2-level enhancement because Svobodny abused a position of private trust; and a 3-level reduction for her for acceptance of responsibility. Svobodny's criminal history category was Category I, making her applicable Sentencing Guidelines range 33-41 months' imprisonment. Id. ¶ 8. Svobodny expressly waived right to appeal her sentence if the sentence did not exceed 41 months. Id. ¶ 16. She also agreed to pay $1,137,404 in restitution to her employer. Id. ¶ 14.

At the plea hearing, Svobodny appeared with her private attorney. She was placed under oath and advised of the consequences she could face if she made false statements. Plea Tr. [Docket No. 43] at 2, 4. The Court told Svobodny that she could ask the Court questions during the hearing and could take a "time out" to consult privately with her attorney if needed. Id. at 4. Svobodny acknowledged that she understood. Id.

The Court asked Svobodny if she'd had enough time to talk with her attorney about her case and whether she was satisfied with her lawyer's services, and Svobodny responded, "Yes, Your Honor," to both questions. Id. at 7. The Court also asked Svobodny if she'd had sufficient time to ponder her decision to plead guilty, and Svobodny replied that she had. Id. at 8.

The Court then reviewed Svobodny's trial rights and the voluntariness of the guilty plea. Id. at 10-12. Svobodny stated that she had no questions about her constitutional rights and was pleading guilty of her own volition. Id. at 12. The Court also asked Svobodny if anyone was forcing her to plead guilty and whether any promises had been made to her that were not in the Plea Agreement. Id. Svobodny responded, "No, Your Honor," to both questions. Id.

The Court proceeded to review each of the provisions in the Plea Agreement with Svobodny, including how the Sentencing Guidelines applied to her case. Id. at 14-17. The Court discussed the Guidelines calculations with Svobodny, and stated that if the calculations applied as anticipated, her Sentencing Guidelines range was 33-41 months in custody. Id. The Court asked, "Is that kind of where you and [your attorney] have . . . focused in terms of where we might be," and Svobodny answered, "Yes, Your Honor." Id. at 17-18. The Court then explained that it had "to make [its] own independent determinations" about Svobodny's sentence and was not bound by the Plea Agreement. Id. at 18. Svobodny was warned that, "[Y]ou're accepting that you won't be able to withdraw your guilty plea if you disagree with something and you'll be sentenced in accordance with my determinations. Do you understand that?" Id. at 18-19. Svobodny responded that she understood. Id. at 19.

The Court also reviewed the appellate waiver provision of the Plea Agreement and explained that if Svobodny's sentence was "41 months or less, you would be just doing the sentence without appealing my decision. Do you understand that?" Id. at 23. Svobodny replied, "Yes, Your Honor." Id.

The prosecutor then reviewed the factual basis portion of the Plea Agreement with Svobodny and asked her if she had read that portion of the Plea Agreement. Id. at 25. Svobodny responded that she had and that she agreed with the accuracy of the statements in the factual basis. Id. Svobodny also admitted that she had embezzled approximately $1,137,404 through her fraud scheme. Id. at 26.

Before accepting her guilty plea, the Court asked Svobodny, "Is there anything about [the proceedings] that's confusing you?" Id. at 28. Svobodny responded, "No Your honor." Id. The

Court also confirmed with Svobodny that she was the one who committed the offense, knew it was illegal, was not taking the responsibility for someone else, and was voluntarily giving up her right to a trial. Id. at 28-29. The Court then accepted Svobodny's guilty plea. Id. at 29.

**B. Svobodny Receives a Below-Guidelines Sentence of 24 Months**

On October 3, 2024, Svobodny appeared with her attorney for sentencing. See Min. Entry [Docket No. 32]. Svobodny's attorney argued for a sentence of probation, maintaining that probation was appropriate because Svobodny had taken immediate responsibility for her crime, did not "try to haggle" with the Government about the charges, was prepared to make full restitution immediately after the hearing, and had complied with all pretrial requirements. Sentencing Tr. [Docket No. 44] at 6-9. The Government sought a sentence at the bottom of the Guidelines range of 33-41 months. Id. at 12. Svobodny then spoke directly to apologize and take "accountability for all [she had] done to disappoint the Court, [her] former employer, family, and friends." Id. at 20. She asked the Court to grant her a sentence of probation, accept her payment of full restitution, and allow her to continue serving her community and addressing her medical and mental health issues. Id.

The Court described Svobodny's allocution as "an articulate and eloquent expression of remorse," and agreed that "since the discovery of this crime you've done everything anybody could expect, and probably more, to do your best to make amends for a situation which can never be entirely remedied." Id. Nevertheless, the Court determined that a custodial rather than a probationary sentence was necessary given that the fraud occurred over a long period of time, included multiple criminal acts, took planning and sophistication, and involved a breach of trust.

4

Id. at 22.  The Court sentenced Svobodny to a term of 24 months, which was 9 months below the low end of the Guidelines range.  Id. at 23.

Before the sentencing hearing concluded, the Court again reviewed the appellate waiver with Svobodny.  The Court stated, "I think the right to appeal, from my notes, was waived at any sentence that was 41 months or less.  Obviously [the sentence is] considerably below that amount.  But if . . . either party thought they had a surviving right to appeal, I want to remind you that you need to file a notice within 14 days or it would be a further bar to a right of appeal." Sentencing Tr. at 25-26.  Svobodny did not appeal.

## C.  Present Motion

On March 10, 2025, Svobodny timely filed this 2255 Motion to vacate, set aside, or correct her sentence.  She claims that she received ineffective assistance of counsel because her attorney allegedly failed to:  (1) properly advise her of the consequences of her guilty plea; (2) object at sentencing to the use of relevant conduct; and (3) consult with her after sentencing about her appeal rights or to file a notice of appeal on her behalf.  2255 Mot. at 5-10.

## III.  DISCUSSION

### A.  Legal Standards

#### 1.  28 U.S.C. § 2255

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage

of justice." <u>Walking Eagle v. United States</u>, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting

<u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### 2. Ineffective Assistance of Counsel

"To establish ineffective assistance of counsel within the context of section 2255 . . . a

movant faces a heavy burden." <u>Apfel</u>, 97 F.3d at 1076. A defendant must show that "(1) h[er]

attorney's performance failed to conform to the degree of skill, care, and diligence of a

reasonably competent attorney; and (2) [s]he was prejudiced by the attorney's poor

performance." <u>Pierce v. United States</u>, 686 F.3d 529, 531 (8th Cir. 2012) (citing <u>Strickland v.

Washington</u>, 466 U.S. 668 (1984)).

To satisfy the deficient performance prong of this two-part test, a defendant must show

that counsel's errors were not the result of a "reasonable professional judgment." <u>Strickland</u>, 466

U.S. at 690. In doing so, the defendant runs up against a strong presumption "that counsel . . .

rendered adequate assistance." <u>Id.</u> To meet the prejudice prong, the defendant must prove, with

"a probability sufficient to undermine confidence in the outcome," that "but for the counsel's

unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Where a defendant challenges her guilty plea based on ineffective assistance of counsel,

the second part of the test is "slightly modified" in that "the convicted defendant must

demonstrate that 'there is a reasonable probability that, but for counsel's errors, [s]he would not

have pleaded guilty and would have insisted on going to trial.'" <u>Matthews v. United States</u>, 114

F.3d 112, 114 (8th Cir. 1997) (quoting <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985)).

**B. Svobodny's Claims**

    **1. Ground One**

    Svobodny claims that her attorney failed to properly advise her of the consequences of her guilty plea. She argues that "after minimal contact with [her] Counsel, [she] was presented with a plea agreement and essentially told [she] needed to sign it." 2255 Mot. at 3. She contends that she signed the agreement "blindly, without explanation of its contents," id., that her attorney failed to advise her of the consequences she would face at sentencing, and that her attorney predicted she would receive a sentence of six months. Id. at 6.

    This claim is contradicted by Svobodny's own statements, made under oath at the plea hearing, that no one was forcing her to plead guilty, that no promises had been made to her that were not in the Plea Agreement, that she'd had enough time to speak with her attorney about her case and was satisfied with his service, and that she was aware that her sentencing Guidelines range was 33 to 41 months. Plea Tr. at 7-8, 12, 17-18. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

    Given Svobodny's sworn statements at the plea hearing, her claim that she was induced into pleading guilty and that she was not properly advised of the consequences of her guilty plea is not credible. Ground One is dismissed.

### 2. Ground Two

Svobodny also claims that her attorney was ineffective for failing to object to "relative conduct enhancements" at sentencing. 2255 Mot. at 7. Svobodny does not specify which material facts or Guidelines provisions should have been challenged by her attorney. Instead, she vaguely asserts that her attorney "needed to bring forth all the facts and evidence which would in turn have changed the enhancements and would have mitigated various issues that eventually were stacked against [her]." Reply [Docket No. 53] at 1. The enhancements and adjustments that applied to Svobodny's offense were the loss amount, U.S.S.G. § 2B1.1(b)(1)(H) and Svobodny's abuse of her position of trust to commit the offense, U.S.S.G. § 3B1.3. Because Svobodny provides no specific arguments or evidence to show that these enhancements and adjustments were wrongly applied, Ground Two is dismissed.

### 3. Ground Three

Svobodny further claims that her attorney's performance was deficient because he allegedly failed to consult with her after sentencing about her right to appeal and the time limit for doing so. 2255 Mot. at 9-10. She argues that "had counsel bothered to adequately consult with [her] after sentencing . . . he would have known that [she] desired to appeal." Id. at 10.

A criminal defense attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Neither circumstance applies here.  Svobodny does not argue that she demonstrated to her attorney that she was interested in appealing.  Additionally, there was no reason to think that a rational defendant would want to appeal.  Svobodny's 24-month sentence was less than the Guidelines range of 33 to 41 months.  And, most significantly, Svobodny had agreed in the Plea Agreement to waive her right to appeal a sentence of 41 months or less.  Plea Agreement ¶ 16. The Court had reminded Svobodny at sentencing that the right to appeal her sentence was "waived at any sentence that was 41 months or less," and noted that Svobodny's sentence was "considerably below that amount."  Sentencing Tr. at 25-26.  The Court further stated that if either party believed they had a surviving right to appeal they would need to file an appeal notice within 14 days.  Id. at 26.

Not only was there no reason to think that Svobodny would want to appeal, the Court's clear instructions to Svobodny at sentencing about her appeal rights adequately substituted for any consultation Svobodny would have had with her attorney.  See Flores-Ortega, 528 U.S. at 479-80.  Ground Three is dismissed.

## IV.  EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the 2255 Motion and the files and record in this case conclusively show that Svobodny is not entitled to § 2255 relief.  28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised by this § 2255 Motion differently, or that any of the issues raised by Svobodny's § 2255 Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## VI.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Monica Renee Svobodny's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 36] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


 s/Ann D. Montgomery

Dated:  November 13, 2025                    ANN D. MONTGOMERY
                                             U.S. DISTRICT COURT